# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

JEWELL BRACKO,                                                          PETITIONER

V.                                                              NO. 3:01CR120-WAP

UNITED STATES OF AMERICA,                                               RESPONDENT

## MEMORANDUM OPINION

Presently before the court is Jewell Bracko's, a *pro se* federal inmate, § 2255 motion in which he is seeking to vacate or reduce his sentence. The government has responded and the Petitioner replied. This matter is now ripe for resolution.

*A. Factual and Procedural Background*

On January 18, 2001, Bracko was sentenced, in the Eastern District of Kentucky, to twenty-one months imprisonment to be followed by five years of supervised release. During his period of supervised release, Bracko moved to the Northern District of Mississippi to be near family. The matter was transferred for supervision on November 23, 2001. On March 7, 2002, the Government filed a petition to revoke Bracko's supervised release citing eight violations. At that time, however, Bracko could not be found. Nearly two years later, Bracko was apprehended and the Government filed an amended petition for revocation adding a ninth violation.[1]

On July 8, 2004, a revocation hearing was held. On July 21, 2004, the court entered a judgment revoking Bracko's supervised release. The court sentenced Bracko to 36 months imprisonment. Bracko did not appeal the sentence. On April 18, 2005, Bracko file the instant

---

[1] The violations in the petition included: (1) use of a controlled substance (Bracko tested positive for cocain); (2) violation of the law (Bracko found guilty of simple assault); (3) failure to submit monthly report forms; (4) failure to report; (5) failure to notify probation officer of address change; (6) failure to attend drug and mental health treatment; (7) violation of the law (forgery); (8) violation of the law (counterfeit check); and (9) violation of the law (simple assault).

motion setting forth essentially four grounds for relief. While this matter was pending, however, Bracko was released from federal imprisonment on September 1, 2006.

*B. Discussion*

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (citations omitted).

> This cases-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a "personal stake in the outcome' of the lawsuit." This means that, throughout the litigation , the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.
>
> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole–some "collateral consequence" of the conviction–must exist if the suit is to be maintained. In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur).

*Spencer v. Kemna*, 523 U.S. 1, 7-8, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998) (internal citations omitted).

When Petitioner commenced this § 2255 action, he was incarcerated as a consequence of the revocation of his supervised release. He specifically attacks the validity of the revocation with this action. The validity of the underlying conviction is not in question. Petitioner, however, was released from confinement on September 1, 2006. His release renders the instant § 2255 action moot. *See United States v. Robinson*, 39 Fed. Appx. 723, 724-26 (3d Cir. 2002). Although pursuant to *Spencer*, the court presumes that an alleged wrongful conviction has continuing collateral consequences even though movant may have fully served his sentence for the conviction, there is

2

no such presumption for an alleged wrongful revocation of supervised release. *Id.* at 725 (applying *Spencer* to the revocation of supervised release); *Spencer*, 523 U.S. at 14 (no collateral consequences presumption for revocation of parole).

Such is the case here. Petitioner has not alleged the existence of any collateral consequences from the revocation of his supervised release and the court is unaware that any exist. As a result of his release and in the absence of any consequences flowing from the revocation, this matter does not present a continuing controversy. Therefore, the case or controversy requirement of Article III has not been satisfied. Thus, the court lacks jurisdiction over this action.

*C. Conclusion*

For the foregoing reasons, Petitioner's 2255 motion should be dismissed because his release rendered the action moot.

A final judgment in accordance with this opinion will be entered.

THIS the 7th day of December, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE